IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD G. LIVINGSTON, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>SUSAN BALLARD, in her official capacity as Police Chief of the City & County of Honolulu, et al.,<br><br>        Defendants. | Civ. No. 19-00157 JMS-RT<br><br>ORDER GRANTING MOTION TO STAY PROCEEDINGS, ECF NO. 27 |

## **ORDER GRANTING MOTION TO STAY PROCEEDINGS, ECF NO. 27**

### **I. INTRODUCTION**

Defendant Clare E. Connors, in her capacity as Attorney General of the State of Hawaii, moves to stay proceedings in this case until the Ninth Circuit issues a decision in *Young v. Hawaii*, 9th Cir. No. 12-17808 ("*Young*"), which will be decided by an en banc panel of the Ninth Circuit. ECF No. 27. *See Young v. Hawaii*, 915 F.3d 681, 682 (9th Cir. 2019) (February 8, 2019 order granting petition for rehearing en banc). Defendants Susan Ballard, in her capacity as Chief of Police of the Honolulu Police Department; and the City & County of Honolulu, have both joined in the Motion to Stay proceedings. *See* ECF Nos. 29, 31. The matter is suitable for decision without an oral hearing under Local Rule 7.2(d).

1

Because this case and *Young* challenge the constitutionality of the same statute—Hawaii Revised Statutes ("HRS") § 134-9[1]—and involve

---

[1] HRS § 134-9, entitled "Licenses to carry," provides in pertinent part:

    (a)  In an exceptional case, when an applicant shows reason to fear injury to the applicant's person or property, the chief of police of the appropriate county may grant a license to an applicant who is a citizen of the United States of the age of twenty-one years or more or to a duly accredited official representative of a foreign nation of the age of twenty-one years or more to carry a pistol or revolver and ammunition therefor concealed on the person within the county where the license is granted.  Where the urgency or the need has been sufficiently indicated, the respective chief of police may grant to an applicant of good moral character who is a citizen of the United States of the age of twenty-one years or more, is engaged in the protection of life and property, and is not prohibited under section 134-7 from the ownership or possession of a firearm, a license to carry a pistol or revolver and ammunition therefor unconcealed on the person within the county where the license is granted.  The chief of police of the appropriate county, or the chief's designated representative, shall perform an inquiry on an applicant by using the National Instant Criminal Background Check System, to include a check of the Immigration and Customs Enforcement databases where the applicant is not a citizen of the United States, before any determination to grant a license is made.  Unless renewed, the license shall expire one year from the date of issue.
    (b)  The chief of police of each county shall adopt procedures to require that any person granted a license to carry a concealed weapon on the person shall:
        (1)  Be qualified to use the firearm in a safe manner;
        (2)  Appear to be a suitable person to be so licensed;
        (3)  Not be prohibited under section 134-7 from the ownership or possession of a firearm; and
        (4)  Not have been adjudged insane or not appear to be mentally deranged.
    (c)  No person shall carry concealed or unconcealed on the person a pistol or revolver without being licensed to do so under this section or in compliance with sections 134-5(c) or 134-25.

substantially similar questions of law, the court GRANTS the Motion to Stay Proceedings.

## II. **DISCUSSION**

District courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citation omitted); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted). *See also Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).

In exercising its judgment, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. The Ninth Circuit set

out the following framework for analyzing motions to stay pending resolution of related matters:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 U.S. at 708 (citing *Landis*, 299 U.S. at 255).

In the present case, Plaintiffs raise significant constitutional questions involving whether the Second Amendment to the United States Constitution protects a right to carry firearms outside the home. *See* Compl. ¶¶ 52-61. Specifically, they contend that HRS § 134-9(a) unconstitutionally infringes on a Second Amendment right to carry handguns in public for self-defense. Among other relief, they seek a declaration that "the provisions of H.R.S. § 134-9(a) that prevent ordinary, law-abiding citizens from carrying handguns outside the home or

place of business for self-defense in some manner, either concealed or openly, are unconstitutional facially and as applied to plaintiffs." *Id.* ¶ C at PageID #20.

These are substantially the same issues that were addressed—in a challenge to the very same statute—by a Ninth Circuit three-judge panel in *Young v. Hawaii*, 896 F.3d 1044 (9th Cir. 2018), *opinion vacated*, 915 F.3d 681(9th Cir. 2019), and which the Ninth Circuit will consider en banc. In particular, in interpreting *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), the *Young* panel opinion held, among other matters, that (1) "the right to carry a firearm openly for self-defense falls within the core of the Second Amendment," 896 F.3d at 1070, and (2) "section 134-9's limitation on the open carry of firearms to those 'engaged in the protection of life and property' violates the core of the Second Amendment and is void; the County [of Hawaii] may not constitutionally enforce such a limitation on applicants for open carry licenses," *id.* at 1071. These are among the issues that were raised in the State of Hawaii's petition for rehearing en banc in *Young* (which was granted), which the en banc Ninth Circuit panel will likely address. *See* Connors Ex. B, ECF No. 27-4.[2]

---

[2] Indeed, among other matters, Plaintiffs' Complaint here specifically raises issues that are also raised in *Young's* en banc proceedings. *See* Compl. ¶ 3, ECF No. 1 at PageID #3 ("While the *Young* opinion has since been vacated due to the Ninth Circuit ordering the matter to be reheard en banc, plaintiffs here put to the test defendants State of Hawaii's and [City &]

(continued. . .)

5

Under these circumstances, where this district court must follow precedent from the Ninth Circuit, it "makes little sense to expend the resources necessary for a full presentation of those same issues in this forum while awaiting guidance from the appellate court." *Hawaii v. Trump*, 233 F. Supp. 3d 850, 855 (D. Haw. 2017). The Ninth Circuit's views of the constitutionality of HRS § 134-9 at issue in *Young* are central to the very issues raised in the instant case. In short, the Ninth Circuit's opinion of the constitutionality of the statute is obviously relevant in this case. The current posture easily fulfills the "orderly course of justice" prong of the required analysis set forth in *Lockyer*. *See Lockyer*, 398 F.3d at 1110 (requiring the court to consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay").[3]

---

County of Honolulu's primary basis for seeking en banc review in *Young*—that Hawaii law does not limit issuance of open carry licenses to only private security officers.").

[3] Moreover, even if this court were to address the merits and (hypothetically) grant injunctive relief, the court would almost certainly stay such an order pending appeal, given the pending en banc proceedings in *Young*. It makes more sense to avoid expending judicial (and the parties') resources by staying the action now. *See, e.g.*, *Karoun Dairies, Inc. v. Karlacti, Inc.*, 2013 WL 4716202, at *3 (S.D. Cal. Sept. 3, 2013) (agreeing that "moving forward with trial proceedings without awaiting the Ninth Circuit's decision requires the parties to expend significant time and expense to litigate issues . . . that may be completely invalidated by the Ninth Circuit's decision," and reasoning that "it would result in prejudice to both parties if the decision reached by the Ninth Circuit required additional expense and effort in this case by virtue of the case proceeding forward without awaiting its decision"); *Trump*, 233 F. Supp. 3d at 856 ("[I]n cases where significant litigation is likely to take place during the pendency of an appeal, courts have granted a stay as a means of conserving judicial resources.") (citation omitted).

The court also considers "possible damage which may result from the granting of a stay, [and] the hardship or inequity which a party may suffer." *Id.* In addressing these factors, Plaintiffs argue that a stay might prolong constitutional injuries (where harm is presumed) if they are found to have been denied a fundamental right to carry firearms openly. But such a concern is always a consideration when deciding to stay an action challenging fundamental rights. This possible harm must be weighed against the particular posture of this case, where the Ninth Circuit now faces a substantially similar challenge to the same statute.

Plaintiffs point out that the Ninth Circuit has itself stayed its en banc proceeding in *Young*, pending an opinion by the Supreme Court in *New York State Rifle & Pistol Association, Inc. v. City of New York*, No. 18-280 (cert. granted, Jan. 22, 2019), which is expected to be argued in the Supreme Court's 2019-2020 term. *See* Connors' Ex. C, ECF No. 27-5. This, Plaintiffs argue, indicates an unreasonable amount of delay—the Ninth Circuit will likely not even schedule oral argument in *Young's* en banc proceedings until 2020, after a decision by the Supreme Court in *New York State Rifle & Pistol Association*. The amount of such a delay, however, is speculative, and in any event, is not dispositive. Indeed, the Supreme Court could conceivably decide, or at least narrow, issues that the Ninth Circuit faces in *Young* (and that this court faces in the instant case)—the very

7

reason the Ninth Circuit stayed *Young*—thus potentially *shortening* time for ultimate resolution of Second Amendment questions that might be raised in a subsequent appeal to the Supreme Court from an en banc opinion in *Young*.

Ultimately, even if a relatively lengthy delay occurs in deciding the instant case while the Ninth Circuit addresses the constitutionality of HRS § 134-9, the hardship from such a delay does not outweigh the "orderly course of justice" factor, given the significant simplification of issues that will likely occur in this case after a decision by the en banc panel in *Young*. Conceivably, the final decision in *Young* could decide the very issues raised in the instant case.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS Defendant Connors' Motion to Stay Proceedings, ECF No. 27. This case is STAYED pending a final decision by the Ninth Circuit in *Young v. Hawaii*, 9th Cir. No. 12-17808.

Further, because the court anticipates that a final decision in *Young* will not occur for at least a year, the court ADMINISTRATIVELY CLOSES this action. *See, e.g.*, *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127, 128 (3d Cir. 2004) (explaining that administrative closings "comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication" and are "an administrative convenience which allows the removal of cases from the [docket] in appropriate situations[.]")

8

(citations omitted). The closing of this case is solely an administrative matter and does not impact, in any manner, any party's rights or obligations, does not alter in any manner any previous rulings by the court, and does not require a filing fee to reopen the case. *See Dees v. Billy*, 394 F.3d 1290, 1294 (9th Cir. 2005) (discussing administrative closures, stating that "[a]n order administratively closing a case is a docket management tool that has no jurisdictional effect").

The parties are also directed to file a notice with this court if any significant developments occur in that case or in the en banc proceedings in *Young*. The court will lift the administrative stay after a final decision in *Young*.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 10, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Livingston v. Ballard*, Civ. No. 19-00157 JMS-RT, Order Granting Motion to Stay Proceedings, ECF No. 27