DANA M. O. VIOLA          6095
Corporation Counsel

DANIEL M. GLUCK          7959
ROBERT M. KOHN          6291
NICOLETTE WINTER        9588
Deputies Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawai'i 96813
Telephone:  (808) 768-5233, 5129, 5234
Facsimile:  (808) 768-5105
Email address:  daniel.gluck@honolulu.gov / robert.kohn@honolulu.gov /
                nwinter@honolulu.gov

Attorneys for Defendants
ARTHUR J. LOGAN, in his official capacity as
Police Chief of the City & County of Honolulu,
and CITY AND COUNTY OF HONOLULU

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| RONALD G. LIVINGSTON, et al., | CIVIL NO. CV19-00157 JMS/RT |
| Plaintiffs, | CITY DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT (ECF NO. 64); DEMAND FOR JURY TRIAL |
| v. | |
| ARTHUR J. LOGAN, in his official capacity as Police Chief of the City & County of Honolulu, et al., | |
| Defendants. | |
| | Judge: Hon. J. Michael Seabright |
| | Trial Date:  None. |

DEFENDANTS ARTHUR J. LOGAN'S AND CITY & COUNTY OF
HONOLULU'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
<u>FILED ON SEPTEMBER 27, 2022</u>

Defendant Arthur J. Logan, in his official capacity as the Chief of Police of

the Honolulu Police Department, and the City and County of Honolulu

(collectively, "City Defendants"), answer the First Amended Complaint filed on

September 27, 2022 ("Complaint") as follows:

<u>FIRST DEFENSE</u>

1.      Plaintiffs fail to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

**ADMISSIONS AND DENIALS**

2.      This Answer uses the headings in Plaintiffs' Complaint for

organizational purposes only.  To the extent there are allegations contained therein,

City Defendants deny those allegations.

**PRELIMINARY STATEMENT**

3.      With respect to the allegations contained in paragraph 1 of the

Complaint, City Defendants have insufficient knowledge or information as to the

truth or falsity of the allegations made therein, and therefore deny all allegations.

The various statutes speak for themselves, such that no response is required.  The

allegations of this paragraph contain conclusions of law, rather than allegations of

fact, to which no response is required. To the extent a response is deemed required, denied.

4.      With respect to the allegations contained in paragraph 2 of the Complaint, the Supreme Court's ruling in N.Y. State Rifle & Pistol Association v. Bruen, 142 S. Ct. 2111 (2022), speaks for itself, such that no response is required. The allegations of this paragraph contain conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

5.      With respect to the allegations contained in paragraph 3 of the Complaint, the Supreme Court's ruling in District of Columbia v. Heller, 554 U.S. 570 (2008), speaks for itself, such that no response is required.  The allegations in this paragraph contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  City Defendants have insufficient knowledge or information as to the truth or falsity of the allegations regarding Plaintiffs' intentions, except as provided in the Complaint – which speaks for itself – and therefore deny all allegations.

**PARTIES**

6.      With respect to the allegations contained in paragraph 4 of the Complaint, City Defendants admit that Plaintiff Ronald Livingston submitted a form to the Honolulu Police Department entitled "Application for a license to carry

an open/concealed firearm" (capital letter formatting removed).  The form speaks

for itself, such that no response is required.  The allegations in this paragraph are

vague and ambiguous, and on that basis the allegations are denied.  The allegations

in this paragraph contain conclusions of law, rather than allegations of fact, to

which no response is required.  To the extent a response is deemed required,

denied.  City Defendants have insufficient knowledge or information as to the truth

or falsity of the remaining allegations made therein, and therefore deny all

allegations.

      7.      With respect to the allegations contained in paragraph 5 of the

Complaint, City Defendants admit that Michael J. Botello submitted a form to the

Honolulu Police Department entitled "Application for a license to carry an

open/concealed firearm" (capital letter formatting removed), along with additional

written materials.  The form and additional written materials speak for themselves,

such that no response is required.  The allegations in this paragraph are vague and

ambiguous, and on that basis the allegations are denied.  The allegations in this

paragraph contain conclusions of law, rather than allegations of fact, to which no

response is required.  To the extent a response is deemed required, denied.  City

Defendants have insufficient knowledge or information as to the truth or falsity of

the remaining allegations made therein, and therefore deny all allegations.

8.     With respect to the allegations contained in paragraph 6 of the Complaint, City Defendants admit that Kitiya M. Shiroma submitted a form to the Honolulu Police Department entitled "Application for a license to carry an open/concealed firearm" (capital letter formatting removed), along with additional written materials.  The form and additional written materials speak for themselves, such that no response is required.  The allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  The allegations in this paragraph contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  City Defendants have insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore deny all allegations.

9.     With respect to the allegations contained in paragraph 7 of the Complaint, City Defendants admit that Jacob Stewart submitted a form to the Honolulu Police Department entitled "Application for a license to carry an open/concealed firearm" (capital letter formatting removed), along with additional written materials.  The form and additional written materials speak for themselves, such that no response is required.  The allegations in this paragraph are vague and ambiguous, and on that basis the allegations are denied.  The allegations in this paragraph contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  City

4

Defendants have insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore deny all allegations.

10.     With respect to the allegations contained in paragraph 8 of the Complaint, City Defendants have insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore deny all allegations.

11.     With respect to the allegations contained in paragraph 9 of the Complaint, City Defendants admit that Arthur J. Logan is the Chief of Police of the Honolulu Police Department.  The statute speaks for itself, such that no response is required.  The remainder of this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

12.     With respect to the allegations contained in paragraph 10 of the Complaint, City Defendants admit that the City and County of Honolulu is a political subdivision of the State of Hawaiʻi.  The statute speaks for itself, such that no response is required.  The remainder of this paragraph contains conclusions of law, rather than allegations of fact, to which no response is required. To the extent a response is deemed required, denied.

13.     The allegations in contained in paragraph 11 of the Complaint are directed to a defendant other than City Defendants, to which no response is required.  The various statutes speak for themselves, such that no response is

5

required.  This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

## JURISDICTION AND VENUE

14.    The allegations contained in paragraphs 12 and 13 of the Complaint contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

15.    City Defendants admit the allegations contained in paragraph 14 of the Complaint.

16.    City Defendants deny the allegations contained in paragraphs 15, 16, 17, 18, and 19 of the Complaint.

## FACTUAL ALLEGATIONS

### A.    Constitutional Background

17.    With respect to the allegations contained in paragraph 20 of the Complaint, the Second Amendment speaks for itself, such that no response is required.

18.    With respect to the allegations contained in paragraphs 21, 22, 23, 24, 25, 26, 28, and 29 of the Complaint, the Supreme Court's rulings speak for themselves, such that no response is required.  The allegations in these paragraphs

contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

19.    The allegations contained in paragraph 27 of the Complaint contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

**B.    Hawaii's Carry Laws**

20.    The allegations contained in paragraphs 30, 31, 32, 33, 34, 35, 36, 37, 38, and 39 of the Complaint contain conclusions of law, rather than allegations of fact, to which no response is required.  The various statutes speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.

21.    To the extent the statements contained in paragraphs 40 and 41 of the Complaint, and the footnotes thereto, concern Plaintiffs' "information and belief," City Defendants lack information sufficient to respond to what Plaintiffs actually "believe" and, on that basis, deny the same.  The allegations in these paragraphs are vague and ambiguous, and on that basis the allegations are denied.  The statute and Attorney General Opinion speak for themselves, such that no response is required.  To the extent a response is deemed required, denied.

22.    The allegations contained in paragraph 42 of the Complaint, and the footnote thereto, are directed to a defendant other than City Defendants, to which

no response is required.  The referenced pleadings speak for themselves, such that no response is required.  This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

23.    With respect to the allegations contained in paragraphs 43, 44, 45, 46, 47, 48, and 49 of the Complaint, the reports of the Attorney General speak for themselves, such that no response is required.  The allegations contained in these paragraphs are directed to a defendant or entity other than City Defendants, to which no response is required.  These paragraphs also contain conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.  Additionally, City Defendants have insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore deny all allegations.

**C.    Plaintiffs' Attempts to Exercise Their Second Amendment Right**

24.    To the extent the heading between paragraphs 49 and 50 of the Complaint is an allegation, it contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

25.    The allegations contained within paragraphs 50, 51, and 52 of the Complaint are vague and ambiguous, and on that basis the allegations are denied.

To the extent any plaintiff submitted written correspondence to the Honolulu Police Department, such written correspondence speaks for itself, such that no response is required.  City Defendants have insufficient knowledge or information as to the truth or falsity of the remaining allegations made therein, and therefore deny all allegations.

26.     The allegations contained within paragraph 53 of the Complaint are vague and ambiguous, and on that basis the allegations are denied.  City Defendants have insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore deny all allegations.  This paragraph also contains conclusions of law, rather than allegations of fact, to which no response is required.  To the extent a response is deemed required, denied.

## COUNT ONE

### (SECOND AND FOURTEENTH AMENDMENTS, 42 U.S.C. § 1983)

27.     With respect to the allegations contained in paragraph 54 of the Complaint, City Defendants incorporate by reference the answers to all previous paragraphs as if set forth here in full.

28.     With respect to the allegations contained in paragraphs 55 and 56 of the Complaint, City Defendants have insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore deny all allegations.

29.     With respect to the allegations contained in paragraph 57 of the Complaint, the Supreme Court's ruling in <u>Bruen</u> and the statute speak for themselves, such that no response is required.  City Defendants admit that the State Legislature has not passed a bill to repeal or amend Hawaiʻi Revised Statutes ("HRS") § 134-9(a) between the Supreme Court's decision in <u>Bruen</u> and the date of filing of this Answer.

30.     With respect to the allegations contained in paragraph 58 of the Complaint, City Defendants have insufficient knowledge or information as to the truth or falsity of the allegations made therein, and therefore deny all allegations. With respect to the allegations contained in footnote 4 of the Complaint, City Defendants admit that the Honolulu Police Department has begun the rulemaking process and has accepted public comments on the proposed rules, and that the Honolulu Police Department held a public hearing on the proposed rules on October 4, 2022.

31.     The allegations contained within paragraphs 59 and 60 of the Complaint are vague and ambiguous, and on that basis the allegations are denied. To the extent any plaintiff submitted written correspondence to the Honolulu Police Department, such written correspondence speaks for itself, such that no response is required.  To the extent a response is required, denied.  City Defendants

10

have insufficient knowledge or information as to the truth or falsity of the

allegations made therein, and therefore deny all allegations.

      32.    The allegations contained within paragraph 61 of the Complaint are

vague and ambiguous, and on that basis the allegations are denied.  City

Defendants have insufficient knowledge or information as to the truth or falsity of

the allegations made therein, and therefore deny all allegations.

      33.    The allegations contained in paragraphs 62, 64, and 65 of the

Complaint contain conclusions of law, rather than allegations of fact, to which no

response is required.  To the extent a response is required, denied.

      34.    The allegations contained within paragraph 63 of the Complaint are

vague and ambiguous, and on that basis the allegations are denied.  The allegations

contain conclusions of law, rather than allegations of fact, to which no response is

required.  To the extent a response is required, denied.  City Defendants have

insufficient knowledge or information as to the truth or falsity of the allegations

made therein, and therefore deny all allegations.

**PRAYER FOR RELIEF**

      35.    The remaining paragraphs of Plaintiffs' Complaint contain Plaintiffs'

prayer for relief, to which no response is required.  To the extent a response is

deemed required, City Defendants deny that Plaintiffs are entitled to relief, and

further deny that any plaintiff is entitled to relief.

11

36.     City Defendants deny any and all allegations not expressly admitted herein to which a response is deemed required.

## THIRD DEFENSE

37.     Plaintiffs' claims are not ripe for adjudication, and/or are moot.

## FOURTH DEFENSE

38.     City Defendants give notice that they may rely on the defense that Plaintiffs lacks standing.

## FIFTH DEFENSE

39.     Declaratory and/or injunctive relief is not warranted as against the City Defendants.

## SIXTH DEFENSE

40.     Plaintiffs' claims may be barred by the applicable statute of limitations.

## SEVENTH DEFENSE

41.     City Defendants give notice that they may rely upon the affirmative defense that Plaintiffs failed to mitigate their damages, if any.

## EIGHTH DEFENSE

42.     City Defendants intend to rely on the defense that any and all defendants have immunity.

## NINTH DEFENSE

43.    City Defendants intend to rely on the defense that each cause of action must fail against any and all defendants because they were fulfilling their duties as provided by law.

## TENTH DEFENSE

44.    City Defendants intend to rely on the defense that its employees acted at all times in good faith, without malice, or within the scope of their duties as employees of the City.

## ELEVENTH DEFENSE

45.    City Defendants are not liable under the theory of respondent superior, as such theory is inapplicable to actions brought under 42 U.S.C. § 1983, and any allegedly improper actions of an individual cannot be attributed to either of the City Defendants.

## TWELFTH DEFENSE

46.    If the City employee or officer is immune from liability, then the employee's employer, the City and County of Honolulu, is likewise immune from liability.

## THIRTEENTH DEFENSE

47.    City Defendants are not responsible to Plaintiffs under any theory of imputed or vicarious liability.

FOURTEENTH DEFENSE

48.     If it is determined that any employee, agent, servant, appointee, or representative of City Defendants was responsible for Plaintiffs' injuries and damages, if any, such individuals' alleged acts were justifiable under the applicable law and facts of this case.

FIFTEENTH DEFENSE

49.     City Defendants are not liable for Plaintiffs' alleged injuries and/or damages on the basis of the employees' absolute and/or qualified immunity.

SIXTEENTH DEFENSE

50.     City Defendants did not have a policy or custom which resulted in the alleged deprivation of Plaintiffs' constitutional rights or other civil rights.

SEVENTEENTH DEFENSE

51.     Plaintiffs' allegations are not the proper subject of an action under 42 U.S.C. § l983 as there was no state statute, ordinance, regulation, custom, policy, practice or usage that violated Plaintiffs' civil rights.

EIGHTEENTH DEFENSE

52.     City Defendants did not violate Plaintiffs' rights under the Second Amendment to the United States Constitution, any other constitutional provision, any provision of the Hawai'i Constitution, or 42 U.S.C. § 1983.

NINTEENTH DEFENSE

53.    Plaintiffs' rights, privileges, and immunities secured under the laws and constitutions of the United States and the State of Hawaiʻi have not been violated by any alleged action or inaction of City Defendants.

TWENTIETH DEFENSE

54.    City Defendants are not liable based on the acts and omissions of its officers or agents in performing or failing to perform a discretionary function or duty.

TWENTY-FIRST DEFENSE

55.    City Defendants give notice that they may rely on the defenses of estoppel, laches, waiver, claim preclusion, issue preclusion, and law of the case.

TWENTY-SECOND DEFENSE

56.    City Defendants acted lawfully and properly in the execution of its duty.

TWENTY-THIRD DEFENSE

57.    Plaintiffs have failed to name indispensable parties, and Plaintiffs' alleged injuries were sustained as a result of their own or another third-party's wrongful and/or illegal act.

15

## TWENTY-FOURTH DEFENSE

58.    City Defendants are not liable for the alleged injuries and/or damages

to Plaintiffs on any and all claims based on their alleged failure to adequately

enforce statutes, ordinances, rules, regulations and/or any other applicable law.

## TWENTY-FIFTH DEFENSE

59.    City Defendants were not a substantial factor in causing any damages

as may be alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

60.    City Defendants reserve all rights to assert any affirmative defenses or

to rely on any other matter constituting an avoidance pursuant to Rule 8(c) of the

Federal Rules of Civil Procedure and to seek leave to amend their Answer to allege

any such defenses and to assert any other defenses, claims and counterclaims as

discovery and the evidence may merit.

## TWENTY-SEVENTH DEFENSE

61.    Plaintiffs have failed to provide timely notice of their claims in

accordance with HRS § 46-72, and, as a result, they are barred.

## TWENTY-EIGHTH DEFENSE

62.    The Complaint fails to comply with Rule 10(a) of the Federal Rules of

Civil Procedure because "et al." in the caption fails to name any party Plaintiffs

other than Livingston or any party defendants other than Arthur J. Logan, in his

official capacity as Police Chief of the City & County of Honolulu.  Nothing in this Answer or Demand for Jury Trial is an admission otherwise.

WHEREFORE, City Defendants respectfully request as follows:

1.      That the Court dismiss Plaintiffs' Complaint with prejudice and enter judgment in favor of defendants forthwith;

2.      That the Court award City Defendants all fees and costs recoverable herein;

3.      That the Court grants all further relief in law and equity to which City Defendants are entitled.

DATED:  Honolulu, Hawai'i, November 1, 2022.

DANA M. O. VIOLA
Corporation Counsel

By  /s/ Daniel M. Gluck
      DANIEL M. GLUCK
      ROBERT M. KOHN
      NICOLETTE WINTER
      Deputies Corporation Counsel

      Attorneys for Defendants
      ARTHUR J. LOGAN, in his official
      capacity as the Chief of Police of the
      Honolulu Police Department, and
      CITY AND COUNTY OF HONOLULU