IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD G. LIVINGSTON; MICHAEL J. BOTELLO; KITIYA M. SHIROMA; JACOB STEWART; and HAWAII RIFLE ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR J. LOGAN, in his official capacity as Police Chief of the City & County of Honolulu; CITY & COUNTY OF HONOLULU; and ANNE E. LOPEZ, in her official capacity as Attorney General of Hawaiʻi,<br><br>Defendants. | CIVIL NO. 19-00157 JMS-RT<br><br>**STIPULATION AND PROPOSED STIPULATED JUDGMENT** |

## STIPULATION AND PROPOSED STIPULATED JUDGMENT

Plaintiffs RONALD G. LIVINGSTON, MICHAEL J. BOTELLO, KITIYA M. SHIROMA, JACOB STEWART, and the HAWAII RIFLE ASSOCIATION (collectively, "**Plaintiffs**"); Defendants ARTHUR J. LOGAN, in his official capacity as the Chief of Police of the City & County of Honolulu; and the CITY & COUNTY OF HONOLULU (collectively, "**County Defendants**"); and Defendant ANNE E. LOPEZ, in her official capacity as Attorney General of Hawaiʻi ("**Defendant Lopez**," and together with County Defendants, "**Defendants**," and

together with the County Defendants and Plaintiffs, the "**Parties**"), by and through undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS**, Plaintiffs Ronald G. Livingston, Michael J. Botello, Kitiya M. Shiroma, and Jacob Stewart are natural adult persons who reside in Honolulu, Hawaiʻi, each of whom submitted applications to the Honolulu Police Department seeking the license required to lawfully carry firearms outside of one's home in the City and County of Honolulu;

**WHEREAS**, Defendant Arthur J. Logan's predecessor, Susan Ballard, as Police Chief of the City & County of Honolulu, denied each of Plaintiffs' applications, based on her opinion that their applications "d[id] not sufficiently meet the immediacy, urgency, or need necessary for protection of life and property" as required for issuance of a license to carry a firearm under subdivision (a) of Hawaiʻi Revised Statutes § 134-9 ("H.R.S. § 134-9(a)").

**WHEREAS**, on March 29, 2019, individual Plaintiffs, Ronald G. Livingston, Michael J. Botello, Kitiya M. Shiroma, and Jacob Stewart, joined by organizational Plaintiff, the Hawaii Rifle Association, filed a complaint challenging H.R.S. § 134-9(a), on the ground that it violates their Second Amendment right to bear arms publicly in some manner by denying them the license required to lawfully bear arms in Hawaiʻi (ECF No. 1) ("**the Lawsuit**");

**WHEREAS**, Plaintiffs' complaint was subsequently amended on September 27, 2022;

**WHEREAS**, the United States Supreme Court issued an opinion in *New York State Rifle & Pistol Association v. Bruen*, No. 20-843, 142 S. Ct. 2111 (2022), issued on June 23, 2022, which holds, *inter alia*, that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," *id*. at 2122.  In *Bruen*, the Supreme Court reversed a decision of the Second Circuit upholding New York's requirement that concealed-handgun-carry license applicants prove that "proper cause exists" to receive a license, which license New York law requires people to obtain in order to lawfully carry a handgun anywhere in public.  Specifically, the Court held that New York's "proper-cause requirement violates the Fourteenth Amendment in that it prevents law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms." *Id*. at 2156.  The Court described H.R.S. §134-9(a) as an "analogue." *Id.* at 2124;

**WHEREAS**, Defendant Lopez's predecessor, Holly T. Shikada, in her official capacity as Attorney General of Hawai'i, on July 7, 2022 issued a formal legal opinion providing: (1) that "[f]ollowing *Bruen*, the chiefs of police may not constitutionally restrict both concealed and unconcealed (open) carry licenses only to those who demonstrate a special need"; (2) that "[f]ollowing *Bruen*, the

3

language in [HRS] § 134-9 requiring that an applicant '[i]n an exceptional case . . . show[] reason to fear injury to the applicant's person or property' in order to obtain a concealed carry license should no longer be enforced"; and (3) that "[a]ll other statutory requirements for obtaining a concealed carry license are unaffected by *Bruen*, and (except for the citizenship requirement as applied to lawful permanent residents and U.S. nationals) remain in full force and effect," Haw. Att'y Gen., Op. No. 22-02, at 2 (footnote omitted; quoting HRS § 134-9);

**NOW, THEREFORE**, the Parties stipulate and agree as follows:

1. The Proposed Stipulated Judgment attached as Exhibit "A" shall be entered in favor of Plaintiffs as a Stipulated Final Judgment, subject to approvals by the Honolulu City Council and any State executive or legislative entity from which approval is necessary.  Should the Honolulu City Council or the necessary State entity reject the Stipulated Final Judgment, this Stipulation shall be null and void and the Judgment shall be set aside.

2. In full and final settlement and satisfaction of all claims by all Plaintiffs for damages, fees—including attorneys' fees—and costs in the Lawsuit, the County Defendants shall pay a single payment in the total amount of $14,000, subject to approval by the Honolulu City Council, and Defendant Lopez shall pay a single payment in the total amount of $14,000, subject to any necessary approvals.

3. Absent an agreement by the parties extending the deadline, if all necessary approvals are not obtained and payment of the full $28,000 is not completed by May 15, 2023, this Stipulation shall be null and void and the Stipulated Judgment shall be set aside.  If that should occur, any funds that have been paid up to that point shall be returned and the litigation in this case shall resume.

4. As consideration for these payments, Plaintiffs unconditionally release, acquit, and discharge Defendants from all damages, injuries, claims, and causes of action arising from or associated with the facts alleged in the instant Lawsuit as the facts apply to the laws, rules, or regulations in effect as of November 19, 2022, which is prior to the November 20, 2022 effective date of the amended Rules of the Chief of Police, Honolulu Police Department.  Plaintiffs reserve their rights to assert claims based on facts similar or even identical to those raised in the Amended Complaint but arising under any law, rule, or regulation that takes effect after November 19, 2022, including but not limited to the amended Rules of the Chief of Police, Honolulu Police Department.

    The Proposed Stipulated Judgment resolves all claims for damages, attorneys' fees, and costs.  No other claims, including claims for damages, attorneys' fees, or costs, remain outstanding in this litigation.  Except as provided herein, each party is to bear its own costs and fees.  All parties who have appeared in this action have signed this stipulation.

DATED: Long Beach, California, December 12, 2022.

/s/ Sean A. Brady
SEAN A. BRADY

Attorney for Plaintiffs RONALD G. LIVINGSTON, MICHAEL J. BOTELLO, KITIYA M. SHIROMA, JACOB STEWART, and HAWAII RIFLE ASSOCIATION

DATED: Honolulu, Hawaiʻi, December 12, 2022.

/s/ Daniel M. Gluck
DANIEL M. GLUCK

Attorney for Defendants ARTHUR J. LOGAN, in his official capacity as Police Chief of the City & County of Honolulu, and CITY & COUNTY OF HONOLULU

DATED: Honolulu, Hawaiʻi, December 12, 2022.

/s/ Kimberly T. Guidry
KIMBERLY T. GUIDRY

Attorney for Defendant ANNE E. LOPEZ, in her official capacity as Attorney General of Hawaiʻi

**APPROVED AND SO ORDERED:**



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

---

*Livingston, et al. v. Logan, et al.*; Civil No. 19-00157 JMS-RT; United States District Court for the District of Hawaiʻi; **STIPULATION AND PROPOSED STIPULATED JUDGMENT**