# EXHIBIT "A"

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RONALD G. LIVINGSTON, et al.,<br><br>     *Plaintiffs*,<br><br>    v.<br><br>ARTHUR J. LOGAN, in his official capacity as Police Chief of the City & County of Honolulu, et al.,<br><br>     *Defendants*. | Case No. 1:19-cv-00157-JMS-RT<br><br>**[PROPOSED]**<br>**STIPULATED JUDGMENT** |

1

1.     IT IS ORDERED AND ADJUDGED that JUDGMENT is entered against Defendants ARTHUR J. LOGAN, in his official capacity as the Chief of Police of the City & County of Honolulu, and the CITY & COUNTY OF HONOLULU, jointly and severally, in a single payment in the total amount of FOURTEEN THOUSAND DOLLARS ($14,000), subject to approval by the Honolulu City Council.  Should the Honolulu City Council reject the parties' Stipulation and this Stipulated Judgment, the Stipulation shall be null and void and the Stipulated Judgment shall be set aside.

2.     IT IS FURTHER ORDERED AND ADJUDGED that JUDGMENT is entered against Defendant ANNE E. LOPEZ, in her official capacity as Attorney General of Hawai'i, in a single payment in the total amount of FOURTEEN THOUSAND DOLLARS ($14,000), subject to any necessary approvals.  Should any State executive or legislative entity from which approval is necessary reject the parties' Stipulation and this Stipulated Judgment, the Stipulation shall be null and void and the Stipulated Judgment shall be set aside.

3.     Absent an agreement by the parties extending the deadline, if all necessary approvals are not obtained and payment of the full $28,000 is not completed by May 15, 2023, the parties' Stipulation shall be null and void and this Stipulated Judgment shall be set aside.  If that should occur, any funds that have been paid up to that point shall be returned and the litigation in this case shall resume.

4.     The United States Supreme Court issued an opinion in *New York State Rifle & Pistol Association v. Bruen*, No. 20-843, 142 S. Ct. 2111 (2022), on June 23, 2022, which states, *inter alia*, that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home," *id*. at 2122.  Defendants are hereby permanently enjoined from enforcing the language in HRS § 134-9(a) requiring that an applicant has "an exceptional case . . ." and "shows reason to fear injury to the applicant's person or property" as a precondition for the

grant of a license "to carry a pistol or revolver and ammunition therefor concealed on the person."

5.      Defendants Arthur J. Logan, in his official capacity as the Chief of Police of the City & County of Honolulu, and the City & County of Honolulu ("County Defendants") shall not enforce the requirement that applicants for concealed carry licenses state that they have an "exceptional case" and shall update the relevant application forms.

6.      All other claims asserted in the Lawsuit are dismissed with prejudice. Nothing in this Order, however, shall be construed as precluding any of the Plaintiffs from asserting future claims against any of the Defendants over disputes arising under any law, rule, or regulation that takes effect after November 19, 2022. Nothing in this Order shall be construed as precluding any Defendant from enacting and enforcing new rules, regulations, policies, ordinances, charter provisions, statutes, or constitutional provisions.   Nothing in this Order shall be construed as an admission of liability or violation of any right by any Defendant.

7.      Except as expressly provided herein, each party is to bear its own costs and fees.


**IT IS SO ORDERED, ADJUDGED, AND DECREED.**


Dated: _____      _____

                                    Judge J. Michael Seabright
                                    United States District Judge